**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDDIE LEE RHILES, JR.,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:23-cv-457-WS-MAF**

**EDWARD LEE, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a pro se prisoner, filed an amended civil rights complaint, ECF No. 4, on December 1, 2023. Service was directed on the two named Defendants, Dr. Angel Cortes and Officer Edward Lee, ECF No. 8, on January 1, 2024.[1] Plaintiff did not follow the correct summons process, so this Court gave him one additional opportunity to properly serve his amended complaint on each Defendant with a new deadline of April 15, 2024. ECF No. 13. Ultimately, this Court granted Plaintiff's request that service be made by the United States Marshals Service, ECF No. 16, and service was executed on Defendant Cortes on April 23, 2024. ECF No. 18. Cortes was personally

---

[1] At the time of the events surrounding the complaint, Dr. Cortes was a medical doctor under contract with Centurion. Officer Lee was a correctional officer with the Department of Corrections. Both worked at Wakulla Correctional Institution.

served at his workplace, Wakulla Correctional Institution. Id.

Despite personal service of Cortes, an answer was not filed by the due date of May 14, 2024. The Clerk of Court entered Cortes' default on the docket pursuant to Federal Rule of Civil Procedure 55(a) on July 10, 2024. ECF Nos. 23-24.

Meanwhile, after summons was reissued for Defendant Lee, ECF No. 20, the Department of Corrections filed a notice that Lee had waived service and a notice of appearance would be soon filed. ECF No. 22. A waiver was never filed, but counsel for Lee filed a notice of appearance and motion for extension of time to file an answer on July 31, 2024. ECF Nos. 26-27. Upon a showing of good cause, Lee was given an additional sixty days to respond to the amended complaint. ECF No. 28.

On August 1, 2024, counsel for Cortes filed a notice of appearance and, at issue in this recommendation, a motion to set aside default. ECF Nos. 29-31. In the motion, Cortes also requested a thirty-day extension of time in which to file a motion to dismiss. ECF 31. Cortes explained, as Medical Director at Wakulla Correctional Institution, it is standard practice "where Centurion providers have been sued by inmates, Centurion arranges for their defense. In this instance, Centurion was not made aware of Defendant Cortes' involvement in this case and was not able to secure counsel for his

defense" Id. at 1. The motion does not explain why Centurion wasn't made aware of the litigation, but that once Defendant Lee's counsel alerted Centurion of the default, Centurion "immediately" obtained counsel for Lee. Id. at 2. Per the motion, Cortes did not have counsel until July 31, 2024. Id. at 3. Cortes argues good cause is shown due to his employer's "unforeseen and excusable error." Id. at 5. Cortes also cites his own "faulty assumption…that his case was being handled on his behalf." Id. at 6.

Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Since only a default was entered here, ECF No. 24, the analysis is good cause under Rule 55(c). Simply, Cortes' default may be set aside "only if [he] can provide a good reason for the district court to do so." Afr. Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999).

"Good cause is not precisely defined and often depends upon the court's consideration of whether 'the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.'" George v. Snyder, 847 F. App'x 544, 548-49 (11th Cir. 2021) (citing to Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)

(noting that "good cause" is a "mutable standard, varying from situation to situation")). The Eleventh Circuit Court of Appeals "recognize[s] that 'good cause' is not susceptible to a precise formula," but some general guidelines have been outlined. Compania, 88 F.3d at 951. For example, in setting aside entry of default a court should consider at least three things: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.[1]

While Cortes passes most of the blame on to his employer, he was personally served with the summons and a copy of Plaintiff's amended complaint, which made clear he was being sued by a prisoner for actions taken during the course of his employment. It would have been reasonable for Cortes, a medical director of a correctional facility with an advanced degree, to contact Centurion or the Department of Corrections to determine what steps needed to be taken after the receipt of process. To instead do nothing seems "careless and inexcusable." Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986). Luckily for

---

[1] Other factors that may be considered include "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Compania, 88 F.3d at 951 (citing Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir.1992)).

Case No. 4:23-cv-457-WS-MAF

Case 4:23-cv-00457-WS-MAF   Document 32   Filed 08/02/24   Page 5 of 8

Page 5 of 8

Cortes, careless or unreasonable actions are not the same as a culpable or defiant disregard for judicial proceedings. Id. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings" Id.

Thus, the analysis of good cause first turns on whether Cortes and his employer's careless actions show "an intentional or reckless disregard" for this proceeding. Compania, 88 F.3d at 951-952. It does not appear Cortes' failure to act was intentional in light of his expressed false assumption based on prior practice. Cortes has demonstrated good cause for setting aside the default as required by Rule 55 by showing that it was not willful, but an inadvertent mistake. Additionally, Cortes, through counsel, has acted fairly quickly to set aside the default.[2] A "quick response further supports a finding of good cause." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018).

Good cause is further substantiated because there is no apparent prejudice to Plaintiff in this delay. Defendant Lee also recently obtained counsel and was granted an extension of time to file its answer. ECF Nos.

---

[2] Cortes was served in late-April 2024 and default was entered July 10, 2024. ECF Nos. 18, 24. In his motion to set aside default, counsel for Cortes states they were retained July 31, 2024. The motion was filed one day later, August 1, 2024. ECF No. 31 at 3.

Case No. 4:23-cv-457-WS-MAF

26-28. The deadline for Lee's answer is no later than September 30, 2024. ECF No. 28. The case is also relatively young, both in age and stage of filings.

Finally, Cortes has presented a potentially meritorious defense. Of note, "whether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014) Cortes' motion challenges the sufficiency of Plaintiff's factual claims of deliberate indifference and the extent of damages. ECF No. 31 at 5-6, 7. Cortes also shows an intent to file a motion to dismiss which raises exhaustion as a defense. Id. at 7. Because the motion provides several, albeit brief, arguments supporting the defenses raised, it is "more than general denials offered only at the highest order of abstraction." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1296 (11th Cir. 2003).

Within the Eleventh Circuit there is a "strong preference that cases be heard on the merits," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985) (per curiam), and litigants be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). "'[A] technical error or a slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Blois

v. Friday, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam) (quoted in Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

After consideration of the relevant factors, it appears Defendant Cortes has a potentially meritorious defense, the default was not willful, and there is no apparent prejudice to the Plaintiff. Accordingly, good cause having been shown, Defendant Cortes' motion to set aside default, ECF No. 31, should be granted and Cortes permitted to proceed.

## RECOMMENDATION

It is respectfully recommended that Defendant Cortes' motion to set aside default, ECF No. 31, be **GRANTED**, and Cortes be permitted fourteen days to file an answer or other responsive pleading to the amended complaint. It is further recommended that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).