**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

EDDIE LEE RHILES, JR.,

Plaintiff,

v. CASE NO. 4:23cv457-RH-MAF

EDWARD LEE and
DR. A. CORTES,

Defendants.

_____________________________/

**ORDER ON SUMMARY JUDGMENT**

This is a prisoner civil-rights case. The first amended complaint asserts claims against a correctional officer who allegedly used force against the plaintiff for no reason and a doctor who the plaintiff asserts rendered insufficient medical care. The plaintiff and each defendant have moved for summary judgment. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 114, and the correctional officer's objections, ECF No. 117. I have reviewed de novo the issues raised by the objections.

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the

nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

The report and recommendation correctly concludes that the doctor, identified as "Dr. A. Cortes," is entitled to summary judgment. There have been no objections to that part of the report and recommendation. This order grants summary judgment for Dr. Cortes. Because a pending lawsuit sometimes affects a defendant's ability to obtain credit or has other unwarranted effects, I expressly determine that there is no just reason for delay and direct the clerk to enter judgment under Federal Rule of Civil Procedure 54(b) as provided below.

The result is different for the correctional officer, Edward Lee. The plaintiff Eddie Lee Rhiles, Jr. and other prisoners have testified that Mr. Lee struck or strangled Mr. Rhiles for no reason. Mr. Lee has testified it didn't happen. This is the very paradigm of a disputed factual issue that cannot be resolved on summary judgment.

In asserting the contrary, Mr. Lee notes that the testimony of Mr. Rhiles and other prisoners is not completely consistent: "the record does not establish a single, undisputed account of the nature or extent of the alleged force used." ECF No. 117

at 4. But this of course is not a basis for summary judgment. A jury need not reject all eyewitness accounts of the force used just because the accounts are not completely consistent.

A defendant is entitled to summary judgment when there is insufficient evidence that, if believed, would entitle the plaintiff to prevail. It is not disqualifying that the evidence is disputed; quite the contrary. Evidentiary disputes are resolved through trials, not summary-judgment motions. Indeed, rare is the case in which all a party's witnesses agree on every detail of what happened. If disagreement among a party's own witnesses was a basis for summary judgment, there would be many more summary judgments and very few trials. The inconsistencies here may be more extensive than in some cases, perhaps most, but resolving the inconsistencies remains the role of a jury after a trial, not the role of the court on summary judgment.

Mr. Lee also says there is no evidence from which a jury could find that he acted maliciously and sadistically for the purpose of causing harm. But there is evidence from which a jury could find that Mr. Lee struck or strangled Mr. Rhiles—or both—for no reason. Mr. Lee says a jury could draw an inference—contrary to his own testimony—that his use of force against Mr. Rhiles was "mistaken, startled, reactive, or unnecessary" but not "malicious and sadistic." ECF No. 117 at 18. But on Mr. Lee's summary-judgment motion, disputed

inferences cannot be drawn in his favor, especially when inconsistent with his own testimony. This and other factual disputes presented by this record are the stuff of which jury trials are made.

Finally, Mr. Lee asserts he has qualified immunity and thus cannot be held liable even if he used constitutionally excessive force and injured Mr. Rhiles as alleged. Qualified immunity applies to damages claims against public officers acting within their discretionary authority and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 574 U.S. 13 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public officer may be held individually liable only if the officer's conduct violated clearly established law. *See District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

In applying this standard on a summary-judgment motion, a court must "consider the record in the light most favorable to the plaintiff, eliminating all issues of fact." *Wate v. Kubler*, 839 F.3d 1012, 1019 (11th Cir. 2016); *see also Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010). Once the facts are properly viewed, "the reasonableness of an officer's actions is a pure question of law." *Penley*, 605 F.3d at 848–49 (internal quotations and emphasis omitted).

The law has long been clearly established that an officer cannot use substantial force against a prisoner for no reason. *See Skrtich v. Thorton*, 280 F.3d

1295, 1303 (11th Cir. 2002), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *see also Piazza v. Jefferson Cnty.*, 923 F.3d 947, 955 (11th Cir. 2019) (collecting cases). Thus, for example, deliberately striking or strangling a prisoner for no reason violates clearly established law. The jury could find that is what happened here.

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. Mr. Rhiles's summary-judgment motion, ECF No. 86, is denied.

3. Mr. Lee's summary-judgment motion, ECF No. 95, is denied.

4. Dr. Cortes' summary-judgment motion, ECF No. 82, is granted.

5. The clerk must enter judgment stating, "This judgment is entered under Federal Rule of Civil Procedure 54(b). The plaintiff Eddie Lee Rhiles, Jr.'s claims against the defendant Dr. A. Cortes were resolved on a summary-judgment motion. It is adjudged that Mr. Rhiles recover nothing on his claims against Dr. Cortes. The claims are dismissed on the merits."

SO ORDERED on August 30, 2026.

s/Robert L. Hinkle
United States District Judge